```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
     _____

     LULU BELLE FLAMER,                  1:18-cv-11414-NLH

              Appellant,                 OPINION

         v.

     WELLS FARGO BANK, N.A.,

              Appellee.
     _____
```

**APPEARANCES**:

LULU BELLE FLAMER
240 24TH AVENUE
ELWOOD, NJ 08217

    *Pro Se Appellant*

GARY EISENBERG
PERKINS COIE LLP
30 ROCKEFELLER PLAZA
22ND FLOOR
NEW YORK, NY 10112

ROBERT THOMAS YUSKO
KNUCKLES KOMOSINSKI & MANFRO LLP
565 TAXTER ROAD
SUITE 590
ELMSFORD, NY 10523

    *On behalf of Appellee*


**HILLMAN, District Judge**

    Pending before the Court is the debtor's appeal of the bankruptcy court's dismissal of her adversary proceeding. For

the reasons expressed below, the decision of the bankruptcy court will be affirmed, and the debtor's appeal will be dismissed.

## BACKGROUND

On August 13, 1997, appellant, Lulu Belle Flamer, borrowed $60,000.00 by using the home she owned at 240 24th Avenue, Elwood, New Jersey as security. The loan included a mortgage and promissory note, which were eventually assigned to appellant, U.S. Bank Trust, N.A.

On August 28, 2015, U.S. Bank commenced a foreclosure action in the Superior Court of New Jersey, Atlantic County. On October 1, 2015, Flamer filed a Chapter 7 bankruptcy petition in this District.[1] On December 4, 2015, Flamer filed an answer to the foreclosure action denying the default and alleging accord and satisfaction.

On January 8, 2016, the bankruptcy court issued an Order of

---

[1] In a chapter 7 bankruptcy, the bankruptcy trustee gathers and sells the debtor's nonexempt assets and uses the proceeds of such assets to pay holders of claims (creditors) in accordance with the provisions of the Bankruptcy Code. Part of the debtor's property may be subject to liens and mortgages that pledge the property to other creditors. In addition, the Bankruptcy Code will allow the debtor to keep certain "exempt" property; but a trustee will liquidate the debtor's remaining assets. Accordingly, potential debtors should realize that the filing of a petition under chapter 7 may result in the loss of property. https://www.uscourts.gov/services-forms/bankruptcy/bankruptcy-basics/chapter-7-bankruptcy-basics.

Discharge under 11 U.S.C. § 727 to Flamer.  The Discharge Order specifically stated, "a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated.  For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile."

After extensive motion practice in the foreclosure action, on June 2, 2017, the Superior Court ordered U.S. Bank to issue a certification regarding Flamer's payment history, late charges and default interest arguments.  The Superior Court subsequently heard oral argument on the amount due for final judgment, and the court found against Flamer.

On September 18, 2017, in the Superior Court of New Jersey, the Honorable Michael J. Blee, P.J.Ch., entered an Order of Judgment in the foreclosure for U.S. Bank.  On October 2, 2017, Flamer filed a motion to vacate the final judgment, which was opposed and ultimately denied on October 27, 2017.  In Flamer's motion to vacate the final judgment, she argued that the mortgage loan was discharged prior to the issuance of the final judgment of foreclosure without objection from U.S. Bank, and therefore the lien had been cancelled prior to the judgment of foreclosure.  Judge Blee denied Flamer's motion for reconsideration on December 4, 2017.  On December 18, 2017,

Flamer filed another motion to stay the foreclosure, in which she again argued that U.S. Bank failed to levy on Flamer's property during bankruptcy and that a lien discharge was granted. Flamer's motion was denied on January 19, 2018.

On March 8, 2018, Flamer filed a Chapter 13 bankruptcy petition[2] and a day later filed an adversary proceeding against U.S. Bank. Flamer sought the bankruptcy court's determination as to the validity of U.S. Bank's lien underlying the foreclosure action. U.S. Bank filed a motion to dismiss, which was granted on May 22, 2018, and again on reconsideration on June 26, 2018. The bankruptcy court dismissed Flamer's adversary proceeding based on res judicata principles[3] and the Rooker-Feldman doctrine.[4] Flamer has appealed the bankruptcy

---

[2] A chapter 13 bankruptcy is also called a wage earner's plan. It enables individuals with regular income to develop a plan to repay all or part of their debts. Under this chapter, debtors propose a repayment plan to make installments to creditors over three to five years. See 11 U.S.C. § 1322.

[3] Res judicata encompasses claim and issue preclusion. U.S. v. 5 Unlabeled Boxes, 572 F.3d 169, 174 (3d Cir. 2009).

[4] Under the Rooker-Feldman doctrine, which is derived from the two Supreme Court cases, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding. Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey Police Dept., 973 F.2d 169, 177 (3d Cir. 1992); In re Knapper, 407 F.3d 573, 580

4

court's decision to this Court.

**DISCUSSION**

**A.   Jurisdiction and Standard of Review**

This Court has jurisdiction over the appeal from the bankruptcy court's May 22, 2018 and June 26, 2018 orders pursuant to 28 U.S.C. § 158(a), which provides in relevant part: "The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.  An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

In reviewing a determination of the bankruptcy court, the district court subjects the bankruptcy court's legal determinations to plenary review, reviewing its factual findings for clear error, and considering its exercise of discretion for abuse thereof.  In re United Healthcare Sys., Inc., 396 F.3d 247, 249 (3d Cir. 2005).

**B.   Analysis**

Flamer argues that the bankruptcy court erred in several

---

(3d Cir. 2005) ("The Rooker-Feldman doctrine prevents 'inferior' federal courts from sitting as appellate courts for state court judgments.").

ways: (1) it applied the incorrect standard in dismissing her adversary complaint and it improperly considered matters outside of her complaint; (2) the decisions of the state court in the foreclosure action should not have precluded the bankruptcy court from using its core power to determine the scope of the Chapter 7 discharge; and (3) the adversary complaint should not have been dismissed with prejudice.

The Court finds none of Flamer's arguments to be meritorious. With regard to the standard the bankruptcy court applied in considering U.S. Bank's motion to dismiss Flamer's adversary complaint, the bankruptcy court applied the same standard that this Court uses in assessing motions to dismiss pursuant to Federal Civil Procedure Rule 12(b)(6), along with the relevant bankruptcy rules. See In re Hartman, 2017 WL 2230336, at *3 n.4 (D.N.J. 2017)(explaining that Federal Rule of Civil Procedure 12(b)(6) applies to a bankruptcy court's resolution of motion to dismiss an adversary proceeding by Federal Rule of Bankruptcy Procedure 7012); Fed. R. Bankr. P. 7012(b) ("Applicability of Rule 12(b)–(i) F.R.Civ.P. Rule 12(b)–(i) F.R.Civ.P. applies in adversary proceedings.").[5]

---

[5] The bankruptcy court also noted, "The court may take judicial notice of the docket entries in Cases, Fed. R Evid. 201, incorporated in these proceedings by Fed. R. Bankr. P. 9017. See *Maritime Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d l 194, 1200 n.3 (3d Cir.1991); *Levine v. Egidi,* 1993 WL 69146, at *2

6

Under the Rule 12(b)(6) standard, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). Flamer argues that she complied with this standard, and the bankruptcy court should not have looked beyond the allegations in her adversary complaint in determining its sufficiency.

Flamer's argument is misdirected. As a primary matter, under the Rule 12(b)(6) standard, a court in reviewing a Rule 12(b)(6) motion must consider the facts alleged in the pleadings, but a court must also consider the documents attached thereto as exhibits, as well as matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may further consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Beyond a standard Rule 12(b)(6) challenge, where a defendant raises res judicata and the Rooker-Feldman doctrine in

---

(N.D.111. 1993); *In re Paolino,* 1991 WL 284107, at* 12 n.19 (Bankr. E.D. Pa. 1991); see *generally In re Indian Palms Associates, Ltd.,* 61 F.3d 197 (3d Cir. 1995)." (Bankr. 18-01123-ABA, Docket No. 52, at 2 n.3.)

7

response to an adversary complaint, or even if a court raises those concerns *sua sponte*,[6] a court may look beyond the pleadings in the complaint to resolve those issues. See Toscano v. Connecticut General Life Ins. Co., 288 F. App'x 36, 38 (3d Cir. 2008) ("The defense of claim preclusion [] may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision.")(citing Connelly Found. v. Sch. Dist. of Haverford Twp., 461 F.2d 495, 496 (3d Cir. 1972)(res judicata may be raised in motion to dismiss prior to answer)); In re Victor Albanes & Yolanda Albanes, 2017 WL 3037384, at *3 (D.N.J. 2017)(citing Parkview Assocs. P'ship v. City of Lebanon, 225 F.3d 321, 328 (3d Cir. 2000); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 164 (3d Cir. 2010))(explaining that the Rooker-Feldman doctrine is distinct from the affirmative defenses of preclusion, and it acts as a jurisdictional bar on federal courts, which makes dismissal based on the Rooker-Feldman doctrine appropriate at the motion to dismiss stage). A court may therefore "take judicial notice of the record from a previous court proceeding between the parties." Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988).

---

[6] See In re Knapper, 407 F.3d 573, 579 (3d Cir. 2005) (explaining that a bankruptcy court, like other courts, may raise the Rooker-Feldman doctrine even if the parties do not).

8

The bankruptcy court followed these standards precisely. In her adversary complaint, Flamer asserted three counts: (1) the validity and the extent of the lien was unknown due to her discharge in bankruptcy, i.e., "lien discharge" in the Chapter 7 bankruptcy; (2) Flamer paid more than the full amount under the contract, i.e., an "overpayment"; and (3) U.S. Bank's lien and judgment were cancelled pursuant to the plain meaning of 11 U.S.C. § 502(b)(1) and N.J.S.A. 2A:16-49.1, i.e., "judgment cancelled." (See Bankr. 18-01123-ABA, Docket No. 52.) These counts specifically referenced the Chapter 7 Discharge Order, which was directly relevant to her first and third counts. The bankruptcy court was therefore permitted to consider the Discharge Order, itself a matter of public record and subject to judicial notice. Similarly, the bankruptcy court was permitted to consider the existence of the state court foreclosure action, as well as the content of the issues decided in those proceedings, all of which were relevant to each of Flamer's three counts.

The Court next addresses Flamer's substantive challenge to the bankruptcy court's dismissal of her adversary proceeding. Flamer argues that despite the state court's view of the Discharge Order, the bankruptcy court should have independently determined whether the Discharge Order cancelled U.S. Bank's

9

lien such that U.S. Bank did not have a valid lien and therefore no claim to foreclosure in state court. Flamer cites to the bankruptcy court's power to hear "core" proceedings for that authority.

By statute, bankruptcy judges are authorized to "hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11." 28 U.S.C. § 157(b)(1) (emphasis added). The statute provides a non-exhaustive list of sixteen types of core claims, including "determinations of the validity, extent, or priority of liens." Id. § 157(b)(2). Along with those listed in the statute, "a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 196 (3d Cir. 1999)(quotations and citations omitted). In non-core claims, however, the bankruptcy judge may not enter final orders or judgments but must submit proposed findings of fact and conclusions of law to the district court for entry of judgment, unless all the parties consent to the bankruptcy judge's entering judgment. Id. (citations omitted).

Flamer argues that the state court foreclosure judgment "could not and should not have precluded the bankruptcy court's

core and related to functions." (Docket No. 8 at 16.) That argument is not supported in the law. Even when the bankruptcy court has jurisdiction in the first instance to determine a "core proceeding" like the interpretation of Flamer's Chapter 7 Discharge Order, that basis for original jurisdiction to hear the issue does not override the application of the doctrines of claim and issue preclusion as to prior adjudications on the issue. CoreStates Bank, 176 F.3d at 207 (explaining how the principles of claim preclusion can properly be applied with respect to claims falling within the core and non-core jurisdiction of the bankruptcy court); Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1213 (3d Cir. 1991) (citing Grogan v. Garner, 498 U.S. 279 (1991)) ("[T]here is nothing inherently objectionable to bankruptcy courts giving preclusive effect to valid prior judgments, even if doing so would inevitably establish a creditor's claim in a core proceeding. The doctrine of collateral estoppel (issue preclusion) may be used in a subsequent bankruptcy proceeding to prevent relitigation of issues that were actually and necessarily resolved in a prior nonbankruptcy adjudication.").

Relatedly, despite a bankruptcy court's jurisdiction to hear "core proceedings," that jurisdiction must be properly invoked. Under the Rooker-Feldman doctrine, a bankruptcy court

is prohibited from reviewing the state court's judgment because such review would run afoul of the prohibition of lower federal courts from sitting as effective courts of appeal for state court judgments. In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005). Thus, the application of the Rooker-Feldman doctrine bars a litigant's federal claims and divests the bankruptcy court of subject matter jurisdiction over those claims. Id. (citations omitted).

In the state court foreclosure action, the state court found:

> [Flamer] repeats allegations regarding the Note being discharged by the Bankruptcy Court. While this is accurate, [Flamer's] argument falls short where [Flamer] assert[s] that the mortgage has been discharged as well. The "Order of Discharge" issued from the Bankruptcy Court by the Honorable Andrew Altenburg, Jr., explains that creditors with liens, such as [U.S. Bank] here with a mortgage on [Flamer's] property, have the right to foreclose a home mortgage. [Flamer] enforced this right and has properly foreclosed on the subject property.

(Bankr. 18-01123-ABA, Docket No. 8-2.)

The bankruptcy court in Flamer's adversary proceeding found in deciding U.S. Bank's motion for sanctions:[7]

> After notice and a hearing, the Complaint was dismissed. [Flamer] filed a motion to reconsider dismissal of the Complaint. In its oral opinion on June 26, 2018, the court noted that it was abundantly clear that the facts, allegations, background, and counts in the Complaint were *to the letter* identical to the facts and allegations

---

[7] The bankruptcy court's prior decisions were issued orally on the record. (Bankr. 18-01123-ABA, Docket No. 13, 20.)

12

> alleged by [Flamer] in the multiple pleadings filed in the Superior Court of New Jersey, Atlantic County (the "State Court"). (Doc. No. 50). *Compare* Complaint ¶¶3-8 with Doc. 8-2, Exhibit E, pp. 2 & 3 and Complaint ¶¶9-11 with Doc. 8-2, Exhibit H, ¶¶2, 3, 5 & 10. Also, each form of relief sought in each count in the Complaint were specifically addressed and resolved by the State Court in the various orders it entered. *See* Doc. 8-2, Exhibits J-N.
>
> . . .
>
> The issues raised have been asked and answered against the Plaintiff *several* times-yet she continues to prosecute the same arguments. The claims and legal contentions made by the Plaintiff have been repeatedly rejected by the courts and are not warranted by existing law. The oral and written decisions or orders by the various courts reflect that. The continued pursuit of claims, defenses, and other legal contentions [are] not supported or warranted by existing law . . . .

(Bankr. 18-01123-ABA, Docket No. 51 at 2, 6.)

Res judicata encompasses claim and issue preclusion. <u>U.S. v. 5 Unlabeled Boxes</u>, 572 F.3d 169, 174 (3d Cir. 2009) (citing <u>Venuto v. Witco Corp.</u>, 117 F.3d 754, 758 n.5 (3d Cir. 1997). Claim preclusion requires a showing that there has been: (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies. <u>Id.</u> (citation omitted). Collateral estoppel, or issue preclusion, requires of a previous determination (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue

13

was fully represented in the prior action. Id. (citation omitted).

"[T]here are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010)(quotations omitted)(discussing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Other than disagreeing with the underlying decisions of the state court, Flamer has not provided any argument as to how the bankruptcy court improperly applied the doctrines of res judicata and Rooker-Feldman. Every element of those doctrines has been met in this case.[8] Consequently, the Court finds that the bankruptcy court did not err in the dismissal of Flamer's adversary proceeding.

---

[8] Although not dispositive of whether the bankruptcy court erred in dismissing Flamer's adversary complaint under res judicata and Rooker-Feldman, it appears to the Court that the substantive determination of the state court that the lien had not been discharged by Flamer's Chapter 7 bankruptcy Discharge Order is not erroneous.

14

Finally, Flamer contends that the dismissal should not have been "with prejudice," but instead "without prejudice." The Court does not agree.

"'The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim.'" Eldakroury v. Attorney General of New Jersey, 601 F. App'x 156, 158 (3d Cir. 2015)(quoting Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06 (2001)). If the bankruptcy court had dismissed Flamer's adversary proceeding "without prejudice," that determination would have permitted Flamer to return to the bankruptcy court with the same claim, which would had been in complete contravention of the purposes of res judicata and Rooker-Feldman. Moreover, as the bankruptcy court observed in its decision regarding U.S. Bank's motion for sanctions:

> The court has given [Flamer] significant leeway throughout this bankruptcy process because she is self-represented. There has to be a point where it stops. [Flamer] cannot fake blindness to the multiple rulings against her and continue to advocate the same position repeatedly rejected just because she does not like the result. It is not right. It is unfair. It is harassment. It is an abuse of the process. U.S. Bank should not be forced to front the expense of responding to each of [Flamer's] frivolous pleadings.

(Bankr. 18-01123-ABA, Docket No. 51 at 9.) This Court does not find the bankruptcy court's dismissal of Flamer's adversary complaint "with prejudice" to be an abuse of discretion,

especially when considering the continued repetition of the same unmeritorious claims.[9] See, e.g., Heine v. Director of Codes and Standards, 2017 WL 3981135, at *8 (D.N.J. 2017)(citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981); Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3rd Cir. 2007))(explaining that for purposes of res judicata, "'[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.'"); id. (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06 (2001))(further explaining that dismissals "with prejudice" bar a plaintiff from refiling her claims in the court that dismissed them); Perez v. Seterus, Inc., 2018 WL 534159, at *3 (D.N.J. 2018)(citing numerous cases)("[I]it does not appear that controlling precedent requires a case dismissed on Rooker-Feldman grounds to be dismissed without prejudice.").

## CONCLUSION

For the reasons expressed above, the Court finds that the bankruptcy court did not err in dismissing Flamer's adversary

---

[9] The bankruptcy court ultimately declined to impose sanctions on Flamer, finding that Flamer "has been warned. [Flamer] is on actual notice of her sanctionable conduct. Ignoring the court's warning will be evidence of the Plaintiff acting in bad faith. Certainly, a continuation of the conduct will also be evidence of an abuse of the process. If so, the Plaintiff will be subject to sanctions on the Court's own initiative." (Bankr. 18-01123-ABA, Docket No. 51 at 9.)

16

complaint with prejudice.  The order of the bankruptcy court will be affirmed, and Flamer's appeal dismissed.  An appropriate Order will be entered.


Date: May 13, 2019                    s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.